UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron Teegarden,                                    Civil No. 12-2190 (SRN/FLN)

      Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

Andy Lieffort,

      Defendant.

_____

Terrence Duggins for Plaintiff.
Jacob Campion, Assistant Attorney General, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant Andy Lieffort's motion for summary judgment (ECF No. 65). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Defendant Lieffort's motion be **GRANTED.**

### I.  FACTUAL BACKGROUND

    **A.**    **Teegarden's prison attacks**

Plaintiff Aaron Teegarden's claims stem from a series of three separate inmate attacks he experienced while incarcerated at the Minnesota Correctional Facility in Stillwater (MCF-STW). *See* Compl. ¶¶ 20–39, ECF No. 1. The first attack occurred on March 30, 2009, when inmate Patrick Lussier—an alleged member of a Native American gang—placed Teegarden in a headlock and repeatedly punched him in the face. *Id.* ¶ 22. Teegarden alleges that one month after the incident,

he wrote a kite message[1] to Lieffort, his case manager, expressing concerns for his safety. *Id.* ¶ 23. According to Teegarden's complaint, Lieffort responded and informed Teegarden that he was responsible for his own safety. *Id.* ¶ 23(b). Production of the kite during the course of discovery, however, showed that the kite was actually addressed and sent to a Lieutenant Andreachi. *See* Campion Aff. Ex. 2, ECF No. 69.

The second attack occurred on June 9, 2009, when Jason Dominguez—an alleged member of a white supremacist gang—assaulted Teegarden. ECF No. 1 ¶ 24. Shortly thereafter, on June 16, 2009, Teegarden suffered a third attack. *Id.* ¶ 25. Inmates Dustin Brown and Christopher Lund, also alleged members of a white supremacist gang, attacked Teegarden in the MCF-STW dining hall. *Id.* Lund commenced the attack by punching Teegarden in the face until he fell to the ground. *Id.* ¶ 25(a)–(b). Brown then kicked Teegarden in the face multiple times while wearing steel-toed boots. *Id.* ¶ 25(c).

As a result of the third attack, Teegarden suffered a traumatic brain injury, damage to his jaw, a broken tooth, a broken nose, and damage to rods and surgery plates that were in his back from a prior surgery. *Id.* ¶ 36. After receiving treatment for his injuries, Teegarden returned to MCF-STW on July 7, 2009. *Id.* ¶¶ 28–29; Lieffort Aff. ¶ 5, ECF No. 68.

Upon returning to MCF-STW, Teegarden sent a kite to Lieffort expressing that he had concerns regarding his safety. ECF No. 68 ¶ 5. Lieffort met with Teegarden to discuss these possible safety risks, but Teegarden did not identify the names of any individuals he felt were particularly threatening. ECF No. 68 ¶ 5. Lieffort continued to meet with Teegarden several times

---

[1] The kite system is the Department of Corrections' informal grievance process.

over the next few months, but Teegarden never provided Lieffort with any specific details regarding his concerns. *Id.* Lieffort investigated Teegarden's general statements but found nothing indicating there was a risk to Teegarden's safety. *Id.* Lieffort informed Teegarden that if he had any specific safety issues, he should immediately inform the lieutenant in his living unit and provide details, including the names of the individuals he had concerns about. *Id.*

### B. Procedural history

On September 6, 2012, Teegarden filed suit to recover damages for the injuries he sustained, identifying four named and seventeen unknown defendants. *See* ECF No. 1 ¶¶ 9–19. On April 3, 2013, all named defendants except Lieffort were dismissed.[2] *See* Order, ECF No. 26 (adopting this Court's Report and Recommendation, ECF No. 25). Thereafter, two claims remained pertaining to Lieffort: (1) a 42 U.S.C. § 1983 claim against Lieffort in his individual capacity alleging Eighth Amendment cruel and unusual punishment violations; and (2) a state-law negligence claim against Lieffort in his individual capacity for failure to protect Teegarden. *Id.* at 1–2. On September 13, 2013, Lieffort moved for summary judgment, arguing that Teegarden failed to exhaust his administrative remedies prior to bringing his federal claim as required by the Prison Litigation Reform Act. *See* Def.'s Mot. for Summ. J., ECF No. 36. The Court denied his motion, finding the PLRA inapplicable to Teegarden's claims. Order, ECF No. 74 (adopting this Court's Report and Recommendation, ECF No. 73). Lieffort now moves for summary judgment again, arguing that he was neither negligent nor substantially indifferent to a substantial risk of serious harm to Teegarden.

### II. STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the

---

[2] All "Doe Defendants" were dismissed on August 14, 2014. *See* ECF No. 74.

nonmoving party, demonstrates that there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Larson*, 327 F.3d 762, 767 (8th Cir. 2003). A disputed fact is material only if it might affect the outcome of the case under the governing substantive law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific fats showing that there is a genuine issue for trial." *Khoury v. Grp. Health Plan, Inc.*, 615 F.3d 946, 952 (8th Cir. 2010).

### III. LEGAL ANALYSIS

#### A.   Teegarden's Eighth Amendment Claim

Lieffort argues that summary judgment is appropriate because he did not know or have any reason to suspect that a substantial risk of serious harm to Teegarden existed. Lieffort's Mem. in Supp. of Mot. for Summ. J. 11, ECF No. 67. This Court agrees.

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Prison officials must "take reasonable measures to guarantee the safety of the inmates . . . [and] protect prisoners from violence at the hand of other prisoners." *Id.* at 832–33 (1994). In order to prove a failure-to-protect claim under the Eighth Amendment, an inmate must show (1) that he suffered a "sufficiently serious" deprivation of rights and (2) that the prison official had a "sufficiently culpable state of mind" (i.e., the official knew of and disregarded an excessive risk to inmate health or safety). *Id.* at 834, 837.

The Court previously determined that given the extent of Teegarden's injuries, his

deprivation of rights were sufficiently serious. *See* ECF No. 25, at 6; *see also Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010) (holding that evidence of an objectively serious injury establishes the first prong of a failure-to-protect claim). Therefore, the Court's analysis focuses on the second requirement, which examines whether Lieffort knew that Teegarden faced a risk of being attacked by other inmates and failed to take reasonable steps to prevent such attacks.

Teegarden failed to produce any evidence that Lieffort knew or should have known that Teegarden's safety was at risk.[3] The Court did not grant Lieffort's initial motion to dismiss (ECF No. 13) due in part to the kite Teegarden allegedly sent to Lieffort after the first attack. *See* ECF No. 25, at 7. In the time since that motion, a copy of this kite was produced which shows it was not addressed and sent to Lieffort—rather, the kite was directed to Lieutenant Andreachi. *See* ECF No. 69, Ex. 2. Plaintiff's deposition testimony also indicates that he only informed Lieffort of his safety concerns after the June 16, 2009 altercation where he suffered the injuries at issue in this case. *See id.* Ex. 1, at 123–26. Also, according to Lieffort, case managers are not informed of altercations between inmates unless the inmate informs them directly. ECF No. 68 ¶ 3. Therefore, because Teegarden did not inform Lieffort of any issues until *after* the third assault, Lieffort had no reason to know that Teegarden's safety was at risk prior to the assaults. Lieffort Aff. ¶ 3.

Plaintiff has presented no genuine issue of material fact showing that Lieffort was deliberately indifferent to a substantial risk of serious harm. *See Holden v. Hirner*, 663 F.3d 336, 341–42 (8th Cir. 2011) (upholding dismissal of plaintiff's failure to protect claim after he failed to produce any evidence that defendant knew of any specific danger posed to plaintiff). Lieffort could

---

[3] Plaintiff did not submit any documents opposing Defendant's motion for summary judgment.

not reasonably respond to a risk he knew nothing about. Therefore, Teegarden's Eighth Amendment claim against Lieffort must be dismissed.

### B. Teegarden's state-law negligence claim

Teegarden has also alleged a state-law negligence claim against Lieffort in his individual capacity for failing to protect Teegarden. ECF No. 1 ¶ 57. Because all of Teegarden's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see also Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045 (8th Cir. 2014) (holding that the district court acted within its discretion in declining to exercise supplemental jurisdiction over remaining state law claims after § 1983 claims were dismissed).

### IV. CONCLUSION

For the reasons articulated above, the Court concludes that: (1) the § 1983 claim against Lieffort for Eighth Amendment violations must be dismissed with prejudice, and (2) the state-law negligence claim against Lieffort must be dismissed without prejudice. Because all of Teegarden's claims have been dismissed, the complaint must be dismissed in its entirety.[4]

### V. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Lieffort's motion for summary judgment (ECF No. 65) be **GRANTED**;

---

[4] The Court expresses no opinion as to whether Fed. R. Civ. P. 15(c)(1)(C) may be applicable to Plaintiff's claims.

2. Teegarden's Eighth Amendment claim (Count IV) against Lieffort be **DISMISSED WITH PREJUDICE**;

3. Teegarden's state-law claims (Count V) against Lieffort be **DISMISSED WITHOUT PREJUDICE**.


DATED: October 10 ,2014                  _s/Franklin L. Noel_
                                                                      FRANKLIN L. NOEL
                                                                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 24, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 24, 2014,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.